Adam B. Wolf (CA Bar No. 215914)
Catherine Cabalo (CA Bar No. 248198)
Peiffer Wolf Carr Kane & Conway, LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: 415.766.3592
Facsimile: 415.402.0058
Email: awolf@peifferwolf.com
　　　　ccabalo@peifferwolf.com

Kathryn L. Tucker (WA Bar No. 15881)*
Emerge Law Group
621 SW Morrison St Ste 900
Portland, OR 97205-3823
Telephone: 206.595.0097
Email: kathryn@emergelawgroup.com
* *Pro Hac Vice application forthcoming*

*Attorneys for Plaintiffs*

**GRANTED**
Judge Thomas S. Hixson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNY SHAVELSON, M.D.; JANE DOE; SANDRA MORRIS; ROBERT USLANDER, M.D.; GARY PASTERNAK, M.D.; and RICHARD MENDIUS, M.D.; on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES; ROBERT BONTA, Attorney General of the State of California, in his official capacity,<br><br>　　　　Defendants. | Case No. 3:21-cv-06654<br><br>Civil Rights<br><br>**PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY**<br>ORDER THEREON |

---

Motion to Proceed Pseudonymously

Plaintiff Jane Doe respectfully requests leave to use a pseudonym in this lawsuit. Anonymity is appropriate in this case because of the (1) private and sensitive nature of the medical information at issue, (2) the societal stigma associated with disability and end-of-life options, and (3) some of Plaintiff's family do not know of her desire to avail herself of end-of-life options.

## BACKGROUND

Plaintiff Jane Doe is a resident of California who has advanced secondary progressive multiple sclerosis (MS). First diagnosed with MS at age 30, in 1976, she has endured the inexorable progress of this disease for decades, retaining use of her hands and driving her wheelchair until 2005. She then lost use of her hands. Now at age 75, enrolled in hospice care, she finds the cumulative burden of suffering with this illness unbearable. She has had friends who have had strokes and seen them hooked up to tubes, dying slowly, and knows she does not want that for herself.

Under California's End of Life Options Act ("EOLOA"), Cal. Health & Safety Code § 443 *et seq.*, "an adult with the capacity to make medical decisions and with a terminal disease may make a request to receive a prescription for an aid-in-dying drug," provided he or she is a California resident and "has the physical and mental ability to self-administer the aid-in-dying drug." Cal. Health & Safety Code § 443.2 (a). Doe wants to be able to have someone who can assist her with ingesting the AID medication in light of her extreme disability. She feels pressure to act soon, while she still retains the ability to swallow.

Doe has joined the Class Action Complaint for Declaratory and Injunctive Relief as a Plaintiff-Patient who seeks to rectify the exclusion of herself and other physically disabled individuals from the EOLOA. While she has a compelling need for relief in this suit, she has legitimate privacy concerns regarding her condition and choice to participate in the AID. Accordingly, she seeks to proceed with a pseudonym.

## ARGUMENT

Given the nature of this case, allowing Jane Doe to remain anonymous in these proceedings is proper. In the Ninth Circuit, "a party may preserve his or her anonymity in

judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Accordingly, when a Plaintiff seeks anonymity courts balance: (1) plaintiff's need for anonymity; (2) prejudice to defendant; and (3) the public interest. *Doe v. Cty. of El Dorado*, No. 2:13-CV-01433-KJM, 2013 WL 6230342, at *3 (E.D. Cal. Dec. 2, 2013) (citing *Does I thru XXIII*, 214 F.3d at 1068). Jane Doe's need for anonymity in this case outweigh any prejudice to defendant, and the public interest will not be served by knowing Jane Doe's identity.

**A.      Need for Anonymity**

A need for anonymity occurs in "unusual cases where anonymity is 'necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.' Anonymity can be based on fear of retaliatory harm, the need for privacy, or admission of illegal conduct." *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144–45 (N.D. Cal. 2016) (internal citations omitted). In this instance, Jane Doe faces serious threats of personal embarrassment, familial discord, and social stigmatization to warrant anonymity.

Courts have long recognized that anonymity may be necessary to "preserve privacy in a matter of sensitive and highly personal nature." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)); *See United States v. Doe,* 655 F.2d 920, 922 n. 1 (9th Cir.1981) ("Where it is necessary, however, to protect a person from harassment, injury, ridicule or personal embarrassment, courts have permitted the use of pseudonym."). "The common thread running through these cases is the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record." *Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981). In the North District of California, "'social stigmatization [is] among the 'most compelling' reasons for permitting anonymity." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (citing *Rostker*, 89 F.R.D. at 162).

Jane Doe has very legitimate reasons to protect her identity. Of course, the decision to avail oneself to the EOLOA (*i.e.*, to choose a more peaceful death via AID) is inherently sensitive and highly personal. *James*, 6 F.3d at 238 (vacating and remanding a denial of a request

to proceed pseudonymously for reconsideration, in part because the district court failed to consider the "sensitive and highly personal" nature of the case). Indeed, even members of Plaintiff's family are not aware of her desire to avail herself of the EOLOA.

Moreover, due to the nature of the claim, this case, from its inception, will deal with the very real private medical history of those suffering from terminal illnesses and disabilities. Indeed, the Act itself acknowledges the possible repercussion faced by those who avail themselves of the EOLOA. Cal. Health & Safety Code § 443.19 (a) (preventing information collected by the State Department of Public Health from being "disclosed, discoverable, or compelled to be produced in any civil, criminal, administrative, or other proceeding"). There is unmistakable, real social stigma associated with the decision.

Jane Doe has an understandable fear of social stigmatization. Her medical history and decisions to avail herself of the EOLOA are highly personal and controversial. The privacy interests in this case weigh greatly in favor of allowing this Plaintiff to proceed pseudonymously.

**B.  Prejudice to Defendants**

Plaintiff's request to proceed pseudonymously will not prejudice Defendant. Although Ms. Doe feels a pressing need to avoid public scrutiny and familial embarrassment, Plaintiff consents to disclosing her name to the Defendants—so long as Defendants agree to shield her identity. Accordingly, Defendant can conduct normal discovery and otherwise not be harmed in any manner by the granting of this motion.

**C.  Public Interest**

The presumptive rule of using Plaintiff's name "serves to apprise the parties of their opponents, and it protects the public's legitimate interest in knowing all the facts and events surrounding court proceedings." *Rostker*, 89 F.R.D. at 160. The "public interest in understanding the judicial process" has supported a "general history of access." *Kamakana v. City of Honolulu,* 447 F.3d 1172, 1178-79 (9th Cir.2006) (internal quotation marks omitted). However, courts have repeatedly allowed anonymity when it does not prevent public scrutiny of the case's operative issues. *See, e.g.*, *Jane Roes 1-2 v. SFBSC*, 77 F. Supp. 3d at 996-97 (allowing exotic dancers in class action to proceed under a pseudonym); *See also Doe v. Kamehameha*

*Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042-43 (9th Cir. 2010) (finding the identity of minor children irrelevant to public scrutiny of a claim for widespread discrimination); *Doe v. Cty. of El Dorado*, 2013 WL 6230342, at *6 (reasoning concealment of a sex offender's identity would "not impede public access to the substance of the proceedings").

Here, too, the identity of the moving Plaintiff will not prevent public scrutiny of the legal issues and proceedings in this matter. Plaintiff is not requesting, for instance, that substantive legal arguments be filed under seal. The public will be able to view the proceedings and follow this important case.

## CONCLUSION

For the reasons set forth above, Plaintiff Jane Doe respectfully requests that this Court permit her to proceed using a pseudonym. More specifically, Plaintiff requests that the Court order that (1) all parties use a pseudonym for the moving Plaintiff, (2) all parties redact from publicly filed documents the name of the moving Plaintiff, and (3) Defendants and their counsel not disclose the identity of Plaintiff upon Plaintiff's disclosure of her name to them.

Respectfully Submitted,

Dated: August 27, 2021

PEIFFER WOLF CARR KANE & CONWAY, LLP

By: /s/ Catherine Cabalo_____
    Catherine Cabalo
    Attorneys for Plaintiffs

Plaintiff's motion is GRANTED.

**IT IS SO ORDERED.**

Dated: August 30, 2021

_T.M. Hix_ (signature)
Thomas S. Hixson
United States Magistrate Judge